IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **LAWRENCE I. PERRY** ) | |
| ) | |
| ) | |
| ) | |
| **Plaintiff,** ) | **CIVIL ACTION NO.** |
| ) | **2:13-cv-762-UNAS-KOB** |
| ) | |
| **THE HONORABLE JUDGE** ) | |
| **TRACIE TODD, ET. AL.** ) | |
| ) | |
| ) | |
| ) | |
| **Defendant** ) | |
| ) | |
| ) | |

## MEMORANDUM OPINION

### I. INTRODUCTION

This case comes before the court on the plaintiff's "Urgent Request for Restraining Order" (doc. 7). In his motion, the plaintiff seeks injunctive relief against the Jefferson County Circuit Court to prohibit the enforcement of a Restitution Order and to enjoin any attempt to arrest the plaintiff for Contempt of Court. For the following reasons, the court DENIES the motion.

### II. BACKGROUND

This case arises from the plaintiff's conviction of Assault in the First Degree on July 11, 2006. (Complaint ¶ 1). Circuit Court Judge William Cole sentenced the plaintiff to twelve years in prison, and after an unsuccessful appeal, the plaintiff served his sentence with the Alabama Department of corrections, until he was released on March 5, 2010. (Complaint ¶¶ 2, 4, 5).

On June 2, 2011, the Jefferson County Circuit Court entered an order requiring the plaintiff

1

to pay $9,502.83 in restitution. (Complaint ¶ 1[1]). On July 18, 2011, the court scheduled a Probation Revocation hearing and on August 3, 2011, the District Attorney asked that the court hold the plaintiff in contempt of court for failure to pay court ordered restitution. (Complaint ¶¶ 3, 5). After a hearing on October 26, 2011, Judge Cole jailed the plaintiff for contempt of court because the plaintiff refused to sign a Warranty Deed conveying real property (valued at $11,300.00) to the State in satisfaction of the court ordered restitution. (Complaint ¶¶ 6, 11). The plaintiff signed the deed on October 27, 2011, and was released from jail on October 28, 2011. (Complaint ¶¶ 7, 8).

On November 5, 2012, and January 25, 2013, the plaintiff received notices from the District Attorney Restitution Recovery Division explaining that the plaintiff still owed $4,466.32, and that failure to pay that amount in full within 5 days would result in further "court proceedings." (Complaint ¶¶ 9, 11). The plaintiff attached a similar letter to the present motion, dated April 25, 2013. In his complaint, the plaintiff alleged that his prosecution for contempt of court and subsequent jailing on October 26, 2011, constituted a violation of 42 U.S.C. § 1983. The plaintiff complained that the conveyance of his property satisfied the judgment against him, and that any subsequent attempt to collect restitution (or prosecution for contempt of court) against the plaintiff constituted double jeopardy in violation of his Fifth Amendment rights. Further, the plaintiff alleged that the Jefferson County District Attorney's Office fraudulently drafted and procured the plaintiff's signature on the warranty deed. The plaintiff requested $1,000 per day in punitive damages from the date of his release on March 5, 2010, until the eventual date that this case is resolved. The plaintiff also requested one half of the total punitive damages as compensatory damages. *Id*.

On May 14, 2013, the plaintiff filed the present motion, requesting injunctive relief against

---

[1]The complaint restarts paragraph numbering at 1 after the initial paragraph 5.

the "Jefferson County Judicial Department" prohibiting the enforcement of the restitution order and the arrest of the plaintiff for contempt of court.

### III. DISCUSSION

The plaintiff asks the court to enjoin the prosecution against him by the Jefferson County Circuit Court for contempt of court. This court finds that while it has authority under 28 U.S.C. § 2283 to grant such relief to the plaintiff, this court must exercise restraint in granting injunctive relief against state criminal proceedings, and, therefore, must deny the plaintiff's motion.

A federal court may not, by injunctive relief, stay a state court proceeding *unless* expressly authorized by an Act of Congress; necessary in the aid of its jurisdiction; or to protect or effectuate its judgments. 28 U.S.C. § 2283. Civil rights claims brought under 42 U.S.C. § 1983 generally qualify under the Acts of Congress exception to the anti-injunction statute. *Mitchum v. Foster*, 407 U.S. 225, 242 (1972). However, in observation of the principles of equity, comity, and federalism, a federal court must exercise restraint when asked to enjoin a state court proceeding. *Id.* at 243; *Younger v. Harris*, 401 U.S. 37, 46 (1971).

Though *Younger* explicitly did not address § 2283, the *Mitchum* court adopted certain principles announced in *Younger*, finding that when claims under § 1983 arise from criminal proceedings, the plaintiff must show evidence of "great and imminent" threats to a federally protected right to qualify for injunctive relief. *Mitchum,* 407 U.S. at 243; *Younger*, 401 U.S. at 46. Cost, anxiety, and inconvenience are insufficient alone to merit federal intervention in a state proceeding. *Younger*, 401 U.S. at 46; *cf. Stefanelli v. Minard*, 342 U.S. 117, 120 (1951) ("The maxim that equity will not enjoin a criminal prosecution summarizes centuries of weighty experience in Anglo-American law.").

Even when prosecution is unlawful, the threat of such prosecution "is not alone ground for relief in equity which exerts its extraordinary powers only to prevent irreparable injury to the plaintiff who seeks its aid." *Younger*, 401 U.S. at 46. A plaintiff seeking an injunction against state criminal proceedings must show evidence of bad faith or harassment; that the statute in question is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence, and paragraph"; or "other unusual circumstance that would call for equitable relief." *Id*. at 53-54. "No citizen . . . is immune from prosecution, in good faith, for his alleged criminal acts." *Id*. at 46.

In the present case, the plaintiff seeks injunctive relief against the prosecution of a case against him in Jefferson County Circuit Court for contempt of court. Because this case involves a § 1983 claim arising from a criminal proceeding, the plaintiff must show that prosecution of the criminal charge amounts to bad faith and harassment; that the statute in question is wholly unconstitutional; or any other unusual circumstance that represents a "great and imminent threat" to the plaintiff's federally protected rights. The plaintiff has offered no such evidence.

The plaintiff has presented no evidence that his prosecution for contempt of court is in any way unlawful. The record reflects no evidence of bad faith or harassment by the prosecution. Further, the Alabama Restitution Statute is not "flagrantly and patently" unconstitutional, and the plaintiff has pled no other unusual circumstance that threatens his federally protected rights. The plaintiff merely seeks to avoid arrest during the pendency of his case. Such injury is "incidental to every criminal proceeding brought lawfully and in good faith." *Younger*, 401 U.S. at 47. In deference to the comity between the state and federal courts, this court must not interfere in a state criminal proceeding where the plaintiff has provided no evidence of abuse of his federally protected rights. Therefore, this court must refrain from issuing injunctive relief against the State of Alabama's

prosecution of the plaintiff.

## IV. CONCLUSION

For the reasons stated above, the court finds that the plaintiff's "Urgent Request for Restraining Order" is due to be DENIED. As the plaintiff merely seeks shelter from the threat of prosecution in his state criminal case, and not the protection of any federal right, this court must not interfere with the plaintiff's state criminal proceedings. The court simultaneously will enter a separate Order in conformity with this Memorandum Opinion.

DONE and ORDERED this 25th day of June, 2013.

_/s/ Karon O. Bowdre_
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE