## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **LAWRENCE I. PERRY,** | ) |
| | ) |
| **Plaintiff** | ) |
| | ) |
| v. | ) 2:13-cv-762-UNAS-KOB |
| | ) |
| **TRACIE TODD, et al.,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |
| | ) |

### MEMORANDUM OPINION

This matter is before the court on Defendants' "Motion to Dismiss." (doc. 9). For the reasons stated below, the court finds that all the claims in this Complaint are due to be DISMISSED WITH PREJUDICE.

### PROCEDURAL AND FACTUAL BACKGROUND

This case arises out of a Jefferson County Circuit Court case in which the Plaintiff, Lawrence I. Perry, was convicted of First Degree Assault. Mr. Perry was convicted on July 11, 2006 and sentenced to twelve years in prison. Mr. Perry was released from custody on March 5, 2010.

On June 2, 2011, the Jefferson County Circuit Court ordered the Plaintiff to pay $9,502.83 in restitution. On July 7, 2011, District Attorney Brandon Falls, acting for the Restitution Recovery Division, notified the Plaintiff of his debt. On July 18, 2011, the circuit court set a probation revocation hearing. On August 3, 2011, the Plaintiff filed a substantial hardship affidavit that the court denied.

1

After the court denied the Plaintiff's substantial hardship affidavit, the District Attorney's Office asked that the Plaintiff be held in contempt for not paying his debt. On October 26, 2011, Judge J. William Cole held a hearing concerning the payment of restitution. Attorney John Amari represented the Plaintiff at the hearing. At the hearing, prosecutors asked the Plaintiff to sign a warranty deed to help pay his restitution. After the Plaintiff did not sign the deed, Judge Cole placed the Plaintiff in the county jail for contempt. On October 27, 2011, after the Plaintiff spoke with Attorney Amari, he signed the warranty deed. The Plaintiff was released on October 28, 2011.

On April 23, 2013, the Plaintiff filed the instant suit naming as Defendants Jefferson County Judges Tracie Todd, Houston Brown, and J. William Cole. He also named as Defendants Assistant District Attorneys Brandon Falls, Tom Moore, and Matt Casey. The plaintiff brings this suit under 42 U.S.C. § 1983 alleging that his incarceration by Judge Cole violated his right to be free from double jeopardy and that Plaintiff signed the warranty under duress constituting fraud. All of the Defendants have been served except Judge Cole.

On May 28, 2013, Defendants Todd, Brown, Falls, Moore, and Casey jointly filed the instant motion to dismiss all claims against them.  Because Judge Cole has not been served, he is not included in the Motion to Dismiss. On May 29, 2013, the Defendants also filed a motion to stay the proceedings in this court until this court ruled on the Defendant's motion to dismiss. (Doc. 11). On May 30, 2013, the court ordered the Plaintiff to show cause why the Defendant's motion to dismiss should not be granted (Doc. 12) and granted the Defendant's motion to stay the proceedings. (Doc. 13). On June 28, 2013, the Plaintiff filed his response to the court's show cause order. (Doc. 16).

## MOTION TO DISMISS ALL DEFENDANTS

In this motion, the Defendants assert numerous grounds for the court to dismiss Mr. Perry's complaint. Included in the Motion to Dismiss are claims that Judges Todd and Brown are entitled to be dismissed because of Judicial Immunity, and that Assistant District Attorneys Falls, Moore, and Casey are entitled to dismissal based on prosecutorial immunity. The court takes each in turn.

## STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss attacks the legal sufficiency of the complaint. Generally, the Federal Rules of Civil Procedure require only that the complaint provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (quoting Fed. R. Civ. P. 8(a)).  A plaintiff must provide the grounds of his entitlement, but Rule 8 generally does not require "detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley*, 355 U.S. at 47).   It does, however, "demand[ ] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal* 556 U.S. 662, 678 (2009).   Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards nor do pleadings suffice that are based merely upon "labels or conclusions" or "naked assertions" without supporting factual allegations. *Twombly*, 550 U.S. at 555, 557.

The Supreme Court explained that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting and explaining its decision in *Twombly*, 550 U.S. at 570).

To be plausible on its face, the claim must contain enough facts that "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id*.  "Where a complaint pleads facts that are merely consistent with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. (quoting *Twombly*, 550 U.S. at 557).

The Supreme Court identified "two working principles" for the district court to use in applying the facial plausibility standard.  The first principle is that, in evaluating motions to dismiss, the court must assume the veracity of well-pleaded factual allegations; however, the court does not have to accept as true legal conclusions even when "couched as [] factual allegation[s]" or "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678.   The second principle is that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*. at 679.  Thus, under prong one, the court determines the factual allegations that are well-pleaded and assumes their veracity, and then proceeds, under prong two, to determine the claim's plausibility given the well-pleaded facts.  That task  is "context-specific" and, to survive the motion, the allegations must permit the court based on its "judicial experience and common sense. . . to infer more than the mere possibility of misconduct." Id.  If the court determines that well-pleaded facts, accepted as true, do not state a claim that is plausible, the claim must be dismissed.  *Id.*

## 1.  JUDICIAL IMMUNITY

This court must determine whether Mr. Perry's complaint alleges a permissible collateral attack of a state court judgment against state officials acting in their official capacity. Judges Todd and Brown have been served with process and are included in the Motion to Dismiss. Additionally, the court believes it is in the interest of judicial efficiency to *sua sponte* analyze the issues related to Judge Cole in this opinion as it is futile for the Plaintiff to serve Judge Cole. If Judge Cole is served, the same result applies to him.

This court recognizes that "judicial immunity is an absolute immunity. . . ." *Harris v. Deveaux*, 780 F.2d 911, 914 (11th Cir. 1986). In *Simmons v. Conger*, the Eleventh Circuit clarified the Supreme Court's test to determine judicial immunity in a Section 1983 suit. 86 F.3d 1080, 1084-85 (11th Cir. 1996) (*citing Stump v. Sparkman*, 435 U.S. 349, 355-357 (1978)). First, to qualify for immunity, the judge's actions must be taken in his official capacity. *See Simmons*, 86 F.3d at 1084. Whether a judge acts in his official capacity depends on whether the function is "normally performed by a judge." *Mireles v. Waco*, 502 U.S. 9, 12 (1991). Second, if the judge acted in his official capacity, to loose immunity the judge must have acted in the "clear absence of all jurisdiction." *Stump*, 435 U.S. at 357. However, the jurisdictional analysis "does not depend on 'nice questions of jurisdiction.'" *Rolleston v. Eldridge*, 848 F.2d 163, 165 (11th Cir. 1988) (*quoting Williams v. Sepe*, 487 F.2d 913, 914 (5th Cir. 1973)); *see Simmons*, 86 F.3d at 1084 (stating that a district court erred when it assessed money damages to a circuit court for action taken while in his capacity as a judge).

The Complaint alleges no facts specifically against Judges Brown and Todd. However, the judges are listed in the style of the complaint in their official capacity. Because they are

named in their official capacity, the judges satisfy step one of the *Stump* analysis. Because the complaint alleges no facts against the judges and only names them in their official capacity, the judges could not have acted in the "clear absence of all jurisdiction." *Simmons*, 86 F.3d at 1085. Therefore, because the Complaint alleges no facts indicating that Judges Brown and Todd acted outside their capacity as judges or jurisdiction, the claims against them are entitled to be dismissed with prejudice.

Although Judge Cole has not been served and is not included in the Motion to Dismiss, the court takes up issues as to his inclusion in the case *sua sponte*. As far as the court can tell from the Complaint, the only facts the Plaintiff alleges against Judge Cole entitle him to judicial immunity. The Plaintiff asserts a violation of his right to be free from double jeopardy. He asserts that when Judge Cole placed him in jail for contempt, his right to be free from double jeopardy was violated. Even if true, the allegations against Judge Cole show he is entitled to judicial immunity. First, because the alleged unlawful actions occurred while he was presiding over court proceedings, step one is satisfied. *See Harris*, 780 F.2d at 914. Second, Judge Cole had jurisdiction over the proceedings under Alabama statutes, satisfying step two. *See* Ala. Code § 12-1-7 et. seq.; Ala. R. Crim. P. Rule 33. Therefore, the actions alleged by the Plaintiff against Judge Cole satisfy both steps of the *Stump* test.

Because no factual allegations exist in the complaint against Judges Brown and Todd, the Motion to Dismiss the claims against them is due to be granted with prejudice. Likewise, because the factual allegations of the complaint, even if proven true, entitle Judge Cole to judicial immunity, the claims against Judges Cole are due to be dismissed with prejudice.

## 2. PROSECUTORIAL IMMUNITY

Defendants Falls, Moore, and Casey allege the Plaintiff's complaint is due to be dismissed because of their prosecutorial immunity.

The United States Supreme Court has held that absolute immunity exists for prosecutors in a Section 1983 action. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) (holding that a prosecutor is immune from a civil Section 1983 suit arising from his actions initiating or presenting the state's case). However, prosecutorial immunity is dependant on the prosecutor's function. *Buckley v. Fitzsimmons*, 509 U.S. 259, 269, 273 (1993). A prosecutor is not immune from prosecution for all acts, but a prosecutor is immune from prosecution for acts "connected with the prosecutor's role in judicial proceedings." *Burns v. Reed*, 500 U.S. 478, 494-95 (1991). These acts include the pursuit of criminal prosecution and court appearances. *See Rowe v. Fort Lauderdale*, 279 F.3d 1271, 1279 (11th Cir. 2002). A prosecutor's immunity does not extend to actions taken in an investigative function. *Buckley*, 509 U.S. at 273.

As far as the court can tell, the Plaintiff only asserts claims against the Defendants acting in their official capacity. Although the Plaintiff names both Assistant District Attorneys Moore and Casey in their "individual capacities," the facts in the complaint are not alleged against Mr. Moore or Mr. Casey in an individual capacity. The Plaintiff's allegation that the district attorney requested the Plaintiff be held in contempt was an action taken in court and entitled to immunity. *See Rowe*, 279 F.3d at 1279. The allegation that the district attorney gave the Plaintiff a fraudulent warranty deed, even if found to be true, is also entitled to immunity as an action taken in court. *See Id.* The letters of November 5, 2012 and January 25, 2013 from the District Attorney to the Plaintiff were sent as part of an attempt to collect on a judgment obtained in court

on behalf of the state, and thus, are also entitled to immunity. *See Burns*, 500 U.S. at 494-95. Therefore, even if the facts in the Plaintiff's complaint are true, the prosecutors are entitled to total immunity.

Because the prosecutor Defendants are entitled to immunity, the claims against District Attorneys Falls, Moore, and Casey are due to be dismissed with prejudice. The Motion to Dismiss on behalf of District Attorneys Falls, Moore, and Casey is due to be granted.

## SUMMARY

In sum, after a review of the Plaintiff's Complaint, the court finds that all federal claims are due to be DISMISSED WITH PREJUDICE. The Motion to Dismiss on behalf of Judges Brown and Todd and District Attorneys Falls, Moore, and Casey is due to be granted. The claims against Judge Cole are due to be dismissed because the court, *sua sponte*, decides that the factual allegations of the complaint, even if proved true, entitle Judge Cole to judicial immunity. As no further claims remain, this entire suit is due to be DISMISSED WITH PREJUDICE.

The court will enter a separate Order simultaneously with the filing of this Memorandum Opinion.

DONE and ORDERED this 25th day of July, 2013.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE